201 So.2d 655

**MICHIGAN WISCONSIN PIPE LINE COMPANY**

v.

Eula Mae FRUGÉ et al.

No. 48816.

July 11, 1967.

See also La.App., 201 So.2d 672.

Burt W. Sperry, Shotwell, Brown & Sperry, Monroe, William C. Broadhurst, Edwards, Edwards & Broadhurst, Crowley, for applicant.

J. W. Landry, Jr., Pugh, Buatt, Landry & Pugh, Aaron & Aaron, Hugh Brunson, Crowley, Carmouche & Shelton, Rayne, Philip J. Chappuis, II, Noble M. Chambers, Jr., J. Lyle DeBellevue, Allen Gremillion, Jos. S. Gueno, Jr., Reggie & Harrington, V. V. Young, Crowley, Petitjean & Petitjean, Chappuis & Beslin, G. Bradford Ware, Rayne, Andrew Vidrine, Church Point, for respondents in rule.

FOURNET, Chief Justice.

Alternative writs of certiorari, mandamus, and prohibition were issued in these cases [1] filed in the Fifteenth Judicial Dis-

1. There are, in all, some 10 cases pending in this matter.

trict Court on June 15, 1967, on plaintiff's petition alleging that its motion to have them fixed for trial during the months of July and August 1967, as required by R.S. 19:1, et seq., was denied, the four judges of that district being made the respondents.[2]

In answer to the rule the judges deny they refused to fix the cases for trial, asserting that in the exercise of the discretion vested in them under the provisions in these sections they offered to fix the cases for trial in September, it not being "within the province of the plaintiff to demand" the trial of the cases at a time suitable to its convenience.

Similar applications were refused by the Court of Appeal for the Third Circuit on the ground that even if they were granted and the district court ordered to fix the cases for trial at an available date during July or August, if this were opposed, it would be practically impossible for such ruling to become effective prior to September, at which time the district court judges have offered to fix the cases for trial.

While this court will not ordinarily undertake to dispose of any issue that will not become final in time to be effective, because of the exigencies existing in these cases, and in order to serve as a guide for the courts generally, we deem it necessary to dispose of the issue here raised.

A study and analysis of the provisions of the Revised Statutes dealing with expropriation matters, to be found under Title 19, unmistakably discloses that on the institution of such a proceeding by a corporation created for the purpose of supplying the public with natural gas through its piping and marketing (R.S. 19:2),[3] it becomes the mandatory duty of the trial judge to issue "an order fixing the time of the trial of the suit" (R.S. 19:5),[4] which suit shall be tried "in term time or in vacation" with the "greatest possible dispatch." R.S. 19:8.[5]

While we recognize that it is not within the province of a plaintiff to demand that such cases be fixed on dates suitable to their convenience, nevertheless, it is not within the discretion of a trial judge to

2. These judges are Charles T. Everett, Jerome E. Domengeaux, Carrol L. Spell, and Lucien C. Bertrand, Jr., judges of Sections A, B, C, and D, respectively.

3. The pertinent portion of this section provides: "Where a price cannot be agreed upon with the owner, any of the following may expropriate needed property: * * * (7) Any domestic or foreign corporation created for the piping and marketing of natural gas for the purpose of supplying the public with natural gas * * *."

4. The pertinent part of this article provides: "On the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit."

5. This article provides: "Expropriation suits shall be tried in term time or in vacation and shall be conducted with the greatest possible dispatch. Judgments rendered in vacation shall have the same force and effect as those rendered in open court."

arbitrarily refuse to try such cases simply because it is vacation time. Consequently, in the absence of a showing on behalf of the respondent judges that it is not possible to try these cases during July and August, we have no alternative but to make these writs peremptory.

For the reasons assigned, the Honorable Charles T. Everett, Jerome E. Domengeaux, Carrol L. Spell, and Lucien C. Bertrand, Jr., judges of Sections A, B, C, and D, respectively, of the Fifteenth Judicial District, are hereby ordered to immediately fix the above entitled cases for trial at the earliest possible date, and to try the same with the greatest possible dispatch.

McCALEB and HAMITER, JJ., absent.